UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| COSME CHACON,<br>    Plaintiff,<br><br>v.<br><br>DOWNEY *et al.*,<br>    Defendants. | )<br>)<br>)<br>)   Case No. 23-2161<br>)<br>)<br>)<br>) |

## MERIT REVIEW ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed by Plaintiff Cosme Chacon. Plaintiff has also filed Motions to Enjoin (Docs. 4, 7), for Status (Doc. 9), for Subpoenas (Doc. 10), and for Hearing (Doc. 11).

**I.    Complaint**

    **A. The Screening Standard**

The court must "screen" the complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state

a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Alleged Facts**

Plaintiff explains that he is a federal pretrial detainee under the control of the United States Marshal Service ("USMS") currently detained at the Jerome Combs Detention Center ("JCDC"). Plaintiff asserts that he "has been deprived medical treatment for a life[-]threatening condition" but does not elaborate further. (Pl. Comp. Doc 1 at 5.)

**C. Analysis**

Medical care claims brought by pretrial detainees under the Fourteenth Amendment are subject to an objectively unreasonable standard. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)); *see also Ball v. Blaesing*, 844 F.App'x 924, 925 (2021) (noting that civil detainees' claims are analyzed under the Fourteenth Amendment).

Under *Miranda*, a court must conduct two separate inquiries. The first inquiry asks whether the "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [an inmate's] case." 900 at 353. "[I]t will not be enough [for a plaintiff] to show negligence or gross negligence." *Id.* The second inquiry asks whether the defendants' acts were objectively unreasonable. *Id.* at 354. The latter investigation is case-specific and must be made from the perspective of a reasonable official present [when] the relevant decisions were made, including what the official "knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S.

at 397. "[D]etainees are not entitled to receive 'unqualified access to healthcare.'" *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Plaintiff's Complaint must be dismissed for failure to state a claim for relief. As an initial matter, Plaintiff identifies Kankakee County Sheriff Michael Downey and the USMS as Defendants, which requires separate analyses.

### 1. Defendant Downey

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive *individuals* of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Proffitt v. Ridgway*, 279 F.3d 503, 510 (7th Cir. 2002) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (emphasis added)). "If such a deprivation occurs, § 1983 provides relief to victims who suffer that deprivation." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("[A] plausible claim must include 'factual content' sufficient to allow the court 'to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Knight v. Wiseman*, 590 F.3d 458, 462–63 (7th Cir. 2009) ("Since a § 1983 cause of action is against a 'person,' in order '[t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.'") (quoting *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006)).

Plaintiff does not state a plausible claim against Defendant Downey as he does not include the specific acts or omissions Downey took to infer a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

### 2. Defendant USMS

Plaintiff also does not state a claim against the USMS under either *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) or the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*.

In *Bivens*, the United States Supreme Court held that a victim can seek damages in federal court for constitutional violations committed by federal officers. 403 U.S. at 389; *see also Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) ("*Bivens* … recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.") (internal quotation marks omitted).

In *Ziglar v. Abbasi*, the Supreme Court explained that it applied *Bivens* in only three constitutional contexts: (1) Fourth Amendment unreasonable searches and seizures, (2) First Amendment gender discrimination, and (3) Eighth Amendment deliberate indifference to medical needs. 582 U.S. 120, 131 (2017) (citing *Bivens*, 403 U.S. at 397, *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). The Supreme Court has since "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity[,]" which the Supreme Court has refused to extend for over three decades. *Ziglar*, 582 U.S. at 135 (collecting cases where the Supreme Court has declined to extend *Bivens* to any new context or new category of federal defendants). Specifically, the Supreme Court held that because *Bivens* created a judicial remedy for damages against federal employees instead of a legislated remedy such as 42 U.S.C. § 1983, a federal court should not expand *Bivens* unless exceptional circumstances exist. *Ziglar*, 582 U.S. at 136.

*Bivens* prohibits Plaintiff's attempts to raise a Fourteenth Amendment deliberate indifference claim against the USMS. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("[A] prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, [the prisoner's] only remedy lies against the individual."); *see also Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) ("[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

The FTCA "provides a limited waiver of immunity and provides for a cause of action for tort claims 'caused by the negligent or wrongful act or omission of any

employee of the Government while acting within the scope of his office or employment ….” *Lipsey v. United States*, 879 F.3d 249, 253 (7th Cir. 2018) (quoting 28 U.S.C. § 1346(b)(1)). However, a federal agency cannot be sued under the FTCA. *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). "The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Therefore, the USMS is dismissed from Plaintiff's suit.

Consequently, Plaintiff's Complaint fails to state a plausible claim for relief. However, the Court grants Plaintiff leave to file an amended complaint. If Plaintiff elects to file an amendment, that filing must contain a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to her initial filing and contain all claims against all defendants. In other words, Plaintiff's amended pleading must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

## II. Motions to Enjoin

Plaintiff's Motions to Enjoin (Docs. 4, 7) explain that on May 9, 2023, he was diagnosed with prostate cancer that required an urgent medical procedure. (Doc. 4 at 2.) Plaintiff acknowledges receiving the recommended surgical procedure at a local hospital

on June 26, 2023, after JCDC received authorization from the USMS. However, Plaintiff claims he is deprived of "post-operative contact with his physicians." (*Id*. at 3.)

Plaintiff returned to the local hospital on August 10, 2023, and was examined by a urologist, who recommended an exploratory procedure. On August 20, 2023, a proctologist examined Plaintiff, prescribed medication, and suggested another surgical procedure, which Plaintiff claims has yet to occur. Plaintiff acknowledges that JCDC personnel cannot send Plaintiff for local medical care without authorization from USMS. (Doc. 7 at 1-2.) Plaintiff requests the Court require Defendants to immediately "provide the medical treatment needed." (*Id*. at 4.) The Court construes Plaintiff's filings as motions for injunctive relief.

To obtain preliminary injunctive relief, whether through a temporary restraining order ("TRO") or preliminary injunction, the movant is required to show that "(1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction." *Merritte v. Kessel*, 561 Fed. App'x. 546, 548 (7th Cir. 2014). "A harm is 'irreparable' if it 'cannot be prevented or fully rectified by the final judgment after trial.'" *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am. Inc.*, 549 F.3d 1079, 1089 (7th Cir. 2008) (quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)). "The plaintiff who seeks an injunction has the burden of persuasion—damages are the norm, so the plaintiff must show why his case is abnormal." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007) (quoting *Walgreen Co. v. Sara Creek Property Co., B.V.*, 966 F.2d 273, 275 (7th Cir. 1992)); *see also Rust Env't. & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210,

1219 (7th Cir. 1997) (holding that a party seeking a preliminary injunction must satisfy each element).

Here, Plaintiff does not address any aspect of his burden, and his allegations show he is not being denied the recommended medical care. The Court infers that Plaintiff takes issue with the time that elapses before the USMS provides JCDC its authorization, but "detainees are not entitled to receive 'unqualified access to healthcare.'" *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Therefore, Plaintiff's Motions (Docs. 4, 7) are denied. Consequently, Plaintiff's Motions for Status (Doc. 9) and Hearing (Doc. 11) on his Motions to Enjoin are moot.

II.   **Subpoenas**

Plaintiff's Motion for Subpoena (Doc. 10) is denied as premature. If Plaintiff files an amended complaint that the Court determines states a plausible claim for relief, the Court will enter a Scheduling Order after service of process requirements have been satisfied. The Court's Order will open discovery, set forth applicable deadlines, and provide guidance, which includes the requirements for requesting subpoenas.

**IT IS THEREFORE ORDERED:**

1)   **Plaintiff's Motions to Enjoin (Docs. 4, 7) are DENIED.**

2)   **Plaintiff's Motions for Status (Doc. 9) and Hearing (Doc. 11) are MOOT.**

3)   **Plaintiff's Motion for Subpoenas (Doc. 10) is DENIED as premature.**

4)   **The Clerk of the Court is DIRECTED to terminate the United States Marshal Service as a Defendant.**

5)  **Plaintiff's Complaint (Doc 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

6)  **The Court GRANTS Plaintiff leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the deadline established or fails to comply with the provided instructions, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED December 13, 2023.

                                                         s/ *Colleen R. Lawless*

                                            COLLEEN R. LAWLESS
                                      UNITED STATES DISTRICT JUDGE